# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00326-CV

**Carmen Chase Hunter, Appellant**

**v.**

**Texas Department of Insurance, Eleanor Kitzman in her (former) capacity, and Julia Rathgeber in her official capacity, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-13-002576, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On May 26, 2015, Carmen Chase Hunter filed in the trial court a document entitled "Verified Motion to Reinstate, Verified Motion to Direct the Clerk of this Court to Provide Services to the Plaintiff, and Verified Motion to Transfer this Case to the Court of Appeals," asking the trial court (1) to direct the trial court clerk to provide Hunter "all customary services" free of charge, (2) to enter an order declaring Hunter to be entitled to free access to idocket.com or to require the trial court clerk to provide weekly summaries of the case, and (3) to "transfer this cause" to this Court. Due to Hunter's statement that she wanted the cause sent to this Court, the trial court forwarded a copy to our Clerk's Office. Because it was not entirely clear what Hunter was seeking and in an excess of caution, this Court docketed the cause as a new appeal. Hunter has now sent notice that she did not appeal from the above-referenced cause number, explaining that her document was instead a petition for writ of mandamus filed in the trial court. We interpret Hunter's most

recent notice as a motion to dismiss the appeal, grant the motion, and dismiss the appeal.[1] *See* Tex.

R. App. P. 42.1(a).



David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed on Appellant's Motion

Filed:   June 18, 2015

---

[1] Hunter has included in her notice accusations against this Court's Clerk's Office, stating there was "no reason to come to such a false conclusion [that her filing was a notice of appeal]" and that we should "notify the proper criminal justice authority to investigate the problem with this Court's clerk . . . for their continued falsification of court documents."  Hunter is assured that the justices of this Court are aware of and have endorsed the conduct of this Court's Clerk's Office in this case and her various other cases and is cautioned against leveling further baseless accusations of misconduct against our Clerk's Office.